UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Larry E. Smith as trustee for the Heirs and Next of Kin of David Cornelius Smith,** | Court File No.:  11-CV-03071 (SRN/JJK) |
| **Plaintiff,** | **ANSWER OF DEFENDANTS GORMAN, CALLAHAN AND THE CITY OF MINNEAPOLIS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| **Timothy Gorman and Timothy Callahan, acting in their individual capacities as Minneapolis police officers, and the City of Minneapolis,** | |
| **Defendants.** | |

Defendants above-named, for their Answer to Plaintiff's First Amended Complaint, state as follows:

Unless specifically admitted, qualified, or otherwise pleaded below, Defendants deny each and every matter, allegation, and thing in Plaintiff's First Amended Complaint.

Defendants:

1. Admit, upon information and belief, that Larry E. Smith ("Plaintiff") was appointed as the Trustee for the Next of Kin of David Cornelius Smith ("Smith") on February 11, 2011, by Hennepin County District Court Judge Thomas W. Wexler.

2. Admit that the action is one seeking money damages for violations of various laws as alleged in the First Amended Complaint; deny that Defendants Timothy Gorman ("Gorman") and Timothy Callahan ("Callahan") violated Smith's federal civil rights in any way; deny that Plaintiff's claims have any merit.

3. Admit that Plaintiff asserts claims against the City of Minneapolis ("City") under *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978) and *Canton v. Harris,* 489 U.S. 378 (1989); deny that Plaintiff's claims have any merit.

4. Admit that Plaintiff asserts a supplemental wrongful death claim pursuant to Minnesota Statute § 573.02; deny that Plaintiff's claims have any merit.

5. Admit Smith's status as a United States citizen at all times material and relevant to this matter; admit that Smith was a resident of Minneapolis.

6. Admit Gorman's and Callahan's status as United States citizens and status as duly appointed officers of the Minneapolis Police Department at all times material and relevant to this matter.

7. Admit that the City is a municipality duly incorporated under the laws of the State of Minnesota.

8. Admit that Plaintiff seeks to invoke the jurisdiction of United States District Court as set forth in Paragraph 8 of the First Amended Complaint; deny that Plaintiff's claims have any merit.

9. Admit that Plaintiff seeks to invoke the jurisdiction of the Federal Court as set forth in Paragraph 9 of the First Amended Complaint; deny that Plaintiff's claims have any merit.

10. Admit the allegations in Paragraph 10 of the First Amended Complaint.

## The Prone Restraint Maneuver

11. Admit the allegations in Paragraph 11 of the First Amended Complaint.

12. Are without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations in Paragraph 12 of the First Amended Complaint; the allegations also seek a responsive pleading to a situation not present in this case and they are therefore denied.

13. Are without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations in Paragraph 13 of the First Amended Complaint, and they are therefore denied.

14. Are without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations in Paragraph 14 of the First Amended Complaint, and they are therefore denied.

15. The allegations in Paragraph 15 of the First Amended Complaint seek a responsive pleading to a situation not present in the instant case; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied; deny that the use of the prone restraint maneuver poses "well-established dangers".

16. The allegations in Paragraph 16 of the First Amended Complaint seek a responsive pleading to a situation not present in this case, and seek a responsive pleading to what is alleged as stating a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

17. The allegations in Paragraph 17 of the First Amended Complaint seek a responsive pleading to a situation not present in this case, and seek a responsive pleading

to what is alleged as stating a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

18.     Admit the allegations in Paragraph 18 of the First Amended Complaint.

19.     Admit the allegations in Paragraph 19 of the First Amended Complaint.

20.     Admit the allegations in Paragraph 20 of the First Amended Complaint.

21.     The allegations in Paragraph 21 of the First Amended Complaint seek a responsive pleading to what is alleged as stating a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

22.     The allegations in Paragraph 22 of the First Amended Complaint seek a responsive pleading to what is alleged as stating a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

23.     The allegations in Paragraph 23 of the First Amended Complaint seek a responsive pleading to what is alleged as stating a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

24.     The allegations in Paragraph 24 of the First Amended Complaint seek a responsive pleading to what is alleged as being a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

25. The allegations in Paragraph 25 of the First Amended Complaint seek a responsive pleading to what is alleged as being a medical certainty; to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

26. The allegations in Paragraph 26 of the First Amended Complaint seek a responsive pleading based on research not cited; therefore, to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

27. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the First Amended Complaint, and they are therefore denied.

28. Admit that the cases cited in Paragraph 28 hold as they do; to the extent that the allegations in Paragraph 28 of the First Amended Complaint imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

29. Admit that the Minneapolis Police Department has a policy, § 9.111.01 entitled, "Maximal Restraint of Prisoners"; state that the excerpt in Paragraph 29 of the First Amended Complaint is only a portion of § 9.111.01 and is taken out of context; deny the remaining allegations in Paragraph 29 of the First Amended Complaint.

30. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the First Amended Complaint, and they are therefore denied.

31. The allegations in Paragraph 31 of the First Amended Complaint seek a responsive pleading based on research not cited; therefore, to the extent that these allegations imply or allege illegal or unlawful conduct on the part of Defendants, they are denied.

32. State that the study cited in Paragraph 32 of the First Amended Complaint speaks for itself; to the extent that Plaintiff's allegations allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

## Factual Background

33. Admit, upon information and belief, the allegations in Paragraph 33 of the First Amended Complaint.

34. Admit that on the afternoon of September 9, 2010, Smith was on the sixth floor of the downtown YMCA; admit, upon information and belief, that Smith was a member there; admit Smith had a basketball which he was throwing around and at the backboard.

35. Are without sufficient information or knowledge to form an opinion as to the truth or falsity of the allegations in Paragraph 35 of the First Amended Complaint, and they are therefore denied.

36. Admit the allegations in Paragraph 36 of the First Amended Complaint.

37. Admit Smith walked over to a juvenile and asked him questions; admit the juvenile became nervous; are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 of the First Amended Complaint, and they are therefore denied.

38. Admit, upon information and belief, the allegations in Paragraph 38 of the First Amended Complaint.

39. Admit the allegations in Paragraph 39 of the First Amended Complaint.

40. Admit the allegations in Paragraph 40 of the First Amended Complaint.

41. Admit the allegations in Paragraph 41 of the First Amended Complaint.

42. Admit the allegations in Paragraph 42 of the First Amended Complaint.

43. Admit the allegations in Paragraph 43 of the First Amended Complaint.

44. Admit the allegations in Paragraph 44 of the First Amended Complaint.

45. Admit the allegations in Paragraph 45 of the First Amended Complaint.

46. Admit the allegations in Paragraph 46 of the First Amended Complaint.

47. Admit Campbell stated what she stated.

48. Admit that Callahan had a video camera in his shirt pocket; admit that this video camera captured portions of the events; deny the remaining allegations in Paragraph 45 of the First Amended Complaint.

49. Admit the allegations in Paragraph 49 of the First Amended Complaint.

50. Admit the allegations in Paragraph 50 of the First Amended Complaint.

51. Deny that the Officers Callahan and Gorman were attempting to arrest Smith when they arrived; admit that Smith walked away from Officers Callahan and Gorman as they were going to attempt to talk with him; admit that Smith resisted Officers Callahan and Gorman.

52. Admit that the video captures portions of the struggle occurring; deny that it captures the entire struggle between Smith and Officers Callahan and Gorman.

53. State that the video in this matter speaks for itself and captures the events as it does.

54. Admit that Smith broke away and tried to get away from Callahan and Gorman; admit that Callahan deployed his taser device at about 4:03:14; deny the remaining allegations in Paragraph 54 of the First Amended Complaint.

55. Admit that Smith rose to his feet; deny the remaining allegations in Paragraph 55 of the First Amended Complaint.

56. Admit the allegations in Paragraph 56 of the First Amended Complaint.

57. Admit that Callahan deployed his Taser at 4:03:30; admit Gorman took Smith to the ground; deny the remaining allegations in Paragraph 57 of the First Amended Complaint.

58. Admit that Gorman and Callahan attempted to place Smith in handcuffs; deny the remaining allegations in Paragraph 58 of the First Amended Complaint.

59. Admit the allegations in Paragraph 59 of the First Amended Complaint.

60. Admit that the Defendant officers eventually completed their handcuffing of Smith; admit that Smith was prone and, at times, face-down with his hands cuffed behind his back.

61. Deny the allegations in Paragraph 61 of the First Amended Complaint.

62. Admit that Callahan was straddling Smith's buttocks and upper thighs to prevent him from moving when the handcuffing process was complete; deny the remaining allegations in Paragraph 62 of the First Amended Complaint.

63. Admit that, once Smith was handcuffed, Gorman had his right knee on Smith's upper back area in an attempt to keep him down; deny that Gorman was "driving the weight of his body down onto Smith"; deny the remaining allegations in Paragraph 63 of the First Amended Complaint.

64. Are without sufficient knowledge or information to form a belief as to the truth or falsity of what Martin Stachnik observed; therefore, the allegations in Paragraph 64 of the First Amended Complaint are denied.

65. State that Gorman's actions captured on the video referred to in Paragraph 65 of the First Amended Complaint speak for themselves.

66. Deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Admit that Gorman gave Smith a open handed slap to get him to be still; admit that Smith was handcuffed when that happened; admit that this happened at approximately 4:04:42; deny the remaining allegations in Paragraph 67 of the First Amended Complaint.

68. Admit the allegations in Paragraph 68 of the First Amended Complaint.

69. State that the video speaks for itself; to the extent that the allegations in Paragraph 69 of the First Amended Complaint allege or imply unlawful or illegal conduct on the part of Defendants, they are denied.

70. Admit that Gorman asked Smith his name and what Smith was on; admit that Smith never responded to the officers during most of the event.

71. Admit that Gorman asked Smith questions; admit that at times Gorman had a knee on Smith's back; deny the remaining allegations in Paragraph 71 of the First Amended Complaint.

72. Admit that Gorman asked Smith questions; admit Gorman changed which knee he had on Smith's back; admit that Gorman applied slight pressure to Smith; to the extent that the allegations in Paragraph 72 of the First Amended Complaint allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

73. Admit that the officers continued to ask Smith questions, but Smith did not respond to the officers.

74. State that the videotape speaks for itself; deny the remaining allegations in Paragraph 74 of the First Amended Complaint.

75. Admit that Callahan did not intervene in what Gorman was doing; deny the remaining allegations in Paragraph 75 of the First Amended Complaint.

76. Admit that, at or about 4:09:02, Callahan stated to Smith, "Mother fucker, you better not have broke my fucking jaw"; deny the remaining allegations in Paragraph 76 of the First Amended Complaint.

77. State that the video speaks for itself; to the extent that the allegations in Paragraph 77 of the First Amended Complaint allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

78. Admit that at 4:10:09 Callahan instructs the ambulance to be stepped up to Code 3; deny the remaining allegations in Paragraph 78 of the First Amended Complaint.

79. Admit that Callahan, as well as Gorman, checked Smith's pulse; admit that Smith remained verbally unresponsive as he had been throughout most of the event; admit that Callahan recognized that Smith was no longer breathing.

80. Admit that, at or about 4:11:06, Callahan moved Smith off his stomach; admit that Smith was on his stomach for about seven minutes after he had been handcuffed; deny the remaining allegations in Paragraph 80 of the First Amended Complaint.

81. Admit that Callahan started CPR on Smith at or about 4:11:55; deny the remaining allegations in Paragraph 81 of the First Amended Complaint.

82. Admit the allegations in Paragraph 82 of the First Amended Complaint.

83. Admit the allegations in Paragraph 83 of the First Amended Complaint.

84. Admit Smith was treated at HCMC; are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding what Smith suffered from or whether he suffered; deny Defendants engaged in "the improper use of the prone restraint maneuver"; and therefore deny that mechanical asphyxia, asystolic cardio arrest, and anoxic encephalopathy were brought about by "the improper use of the prone restraint maneuver" or actions of Defendants Callahan and Gorman; deny that mechanical asphyxia occurred.

85. Are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the First Amended Complaint, and they are therefore denied.

11

86. Admit that Smith was taken off of life support and died at HCMC on September 17, 2010; deny the remaining allegations in Paragraph 86 of the First Amended Complaint.

87. Admit that Minneapolis Police Department Chief Timothy Dolan issued a statement which reads, in part: "Based upon our initial review it appears that the officers followed proper protocol and policies …"; deny the remaining allegations in Paragraph 87 of the First Amended Complaint.

88. Admit the allegations in Paragraph 88 of the First Amended Complaint.

89. Admit the allegations in Paragraph 89 of the First Amended Complaint.

90. Admit that the Minneapolis Police Department Federation, which is the Labor Union to which Callahan and Gorman belong, contacted an attorney on behalf of Officers Callahan and Gorman; admit that the attorney was present when Officers Callahan and Gorman gave their statements; deny the remaining allegations in Paragraph 90 of the First Amended Complaint.

91. Admit the allegations in Paragraph 91 of the First Amended Complaint.

92. Deny the allegations in Paragraph 92 of the First Amended Complaint.

93. Admit that Klund and Fors asked the questions as set forth in the statements; to the extent that the allegations in Paragraph 93 of the First Amended Complaint allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

94. State that the Callahan's statement taken by Fors and Klund speaks for itself; to the extent that the allegations in Paragraph 94 of the First Amended Complaint allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

95. State that Gorman's statement taken by Fors and Klund speaks for itself; to the extent that the allegations in Paragraph 95 of the First Amended Complaint allege or imply illegal or unlawful conduct on the part of the Defendants, they are denied.

96. Deny the allegations in Paragraph 96 of the First Amended Complaint.

97. Deny the allegations in Paragraph 97 of the First Amended Complaint.

98. The allegations in Paragraph 98 of the First Amended Complaint are not susceptive of responsive pleading; therefore, the allegations are denied.

99. The allegations in Paragraph 99 of the First Amended Complaint are not susceptive of responsive pleading; therefore, the allegations are denied.

100. Admit the allegations in Paragraph 100 of the First Amended Complaint.

101. State that the Medical Examiner's report cited in Paragraph 101 of the First Amended Complaint speaks for itself.

102. State that the Medical Examiner's report cited in Paragraph 102 of the First Amended Complaint speaks for itself.

103. State that the Medical Examiner's report cited in Paragraph 103 of the First Amended Complaint speaks for itself.

104. Admit that the City of Minneapolis did not discipline, or further interview, Gorman or Callahan; deny the remaining allegations in Paragraph 104 of the First Amended Complaint.

105. Deny the allegations in Paragraph 105 of the First Amended Complaint.

106. Admit that the Plaintiff demands a jury trial as to all issues stated in Plaintiff's Complaint; deny that Plaintiff's claims have any merit.

## COUNT I

### 42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS
*Plaintiff v. Gorman and Callahan*

107. State the allegations in Paragraph 107 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

108. Deny the allegations in Paragraph 108 of the First Amended Complaint.

109. Deny the allegations in Paragraph 109 of the First Amended Complaint.

110. Deny the allegations in Paragraph 110 of the First Amended Complaint.

111. Deny the allegations in Paragraph 111 of the First Amended Complaint.

112. Deny the allegations in Paragraph 112 of the First Amended Complaint.

113. Deny the allegations in Paragraph 113 of the First Amended Complaint.

114. Deny the allegations in Paragraph 114 of the First Amended Complaint.

115. Deny the allegations in Paragraph 115 of the First Amended Complaint.

## COUNT II

### FAILURE TO TRAIN UNDER CANTON v. HARRIS
*Plaintiff v. City of Minneapolis*

116. State the allegations in Paragraph 116 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

117. Deny the allegations in Paragraph 117 of the First Amended Complaint.

118. Deny the allegations in Paragraph 118 of the First Amended Complaint.

119. Deny the allegations in Paragraph 119 of the First Amended Complaint.

120. Deny the allegations in Paragraph 120 of the First Amended Complaint.

121. Deny the allegations in Paragraph 121 of the First Amended Complaint.

122. Deny the allegations in Paragraph 122 of the First Amended Complaint.

## COUNT III

### CIVIL RIGHTS VIOLATIONS – MONELL v. DEP'T OF SOCIAL SERVICES
*Plaintiff v. City of Minneapolis*

123. State the allegations in Paragraph 123 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

124. Deny the allegations in Paragraph 124 of the First Amended Complaint.

125. Deny the allegations in Paragraph 125 of the First Amended Complaint.

126. Deny the allegations in Paragraph 126 of the First Amended Complaint.

127. Deny the allegations in Paragraph 127 of the First Amended Complaint.

128. Deny the allegations in Paragraph 128 of the First Amended Complaint.

129. Deny the allegations in Paragraph 129 of the First Amended Complaint.

## COUNT IV

### WRONGFUL DEATH – MINN. STAT. § 573.02
*Plaintiff v. Gorman and Callahan*

130.  State the allegations in Paragraph 130 of the First Amended Complaint are not susceptive of responsive pleading; to the extent that they allege or imply illegal or unlawful conduct on the part of Defendants, they are denied.

131.  Deny the allegations in Paragraph 131 of the First Amended Complaint.

132.  Deny the allegations in Paragraph 132 of the First Amended Complaint.

133.  Deny the allegations in Paragraph 133 of the First Amended Complaint.

134.  Deny the allegations in Paragraph 134 of the First Amended Complaint.

### AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.  Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 5.

3.  Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 6.

4.  Defendants allege that the acts upon which the First Amended Complaint is made were privileged, were based upon probable cause to believe that Plaintiff had committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

5. The use of force, if any, was privileged under the common law and/or under Minn. Stat. § 609.06.

6. Allege affirmatively that at all times material herein, these Defendants were acting within the course and scope of their employment, in good faith and upon the reasonable belief that their conduct was lawful, proper, reasonable, and in compliance with the laws of the State of Minnesota and with the United States, such that each has qualified immunity from liability.

7. At all times material to the First Amended Complaint, Defendant City of Minneapolis' employees were governmental officials performing discretionary functions in the scope of their official duties and acting in objective good faith, with a reasonable basis to believe that the actions taken, if any, were lawful and justified, such that they have qualified immunity from liability in this action.

8. Defendants allege that they have immunity in this action under the doctrine of official immunity and vicarious official immunity.

9. Plaintiff's damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful and illegal acts.

10. Liability is limited by Minn. Stat. § 466.04.

11. Defendants specifically deny that Plaintiff has any right to attorney's fees in this action.

12. Defendant City of Minneapolis is immune from liability for punitive damages.

13. Defendant City of Minneapolis alleges that the City of Minneapolis is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42. U.S.C. § 1983, which are based upon the concept of *respondeat superior*.

14. Plaintiff has an adequate remedy at law for damages, if any, and is not entitled to equitable relief.

**WHEREFORE,** Defendants pray for an Order of this Court as follows:

a. Dismissing Plaintiff's First Amended Complaint on its merits and with prejudice.

b. Awarding Defendants all costs and disbursements as allowed by law, including reasonable attorney's fees.

c. For such other and further relief as this Court deems just and equitable.

Dated: 2-21-12

SUSAN L. SEGAL
City Attorney
By

s/ C. Lynne Fundingsland
C. LYNNE FUNDINGSLAND
Assistant City Attorney
Attorney Reg. No. 32712
BURT T. OSBORNE
Assistant City Attorney
Attorney Reg. No. 0250363
TRACEY FUSSY
Assistant City Attorney
Attorney Reg. No. 0311807
Attorneys for Defendants
City Hall-Room 210
350 South 5th Street
Minneapolis, MN  55415
(612) 673-2180