UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry E. Smith as trustee for
the Heirs and Next of Kin of
David Cornelius Smith,

Case No. 11-CV-03071 (SRN/JJK)

Plaintiff,

**PLAINTIFF'S FIRST SUPPLEMENTAL
ANSWERS TO DEFENDANTS'
INTERROGATORIES**

vs.

Timothy Gorman and Timothy Callahan,
acting in their individual capacities
as Minneapolis police officers, and
The City of Minneapolis,

Defendants.

TO:    The above-named Defendants and their attorneys, C. Lynne Fundingsland, Burt T. Osborne, and Tracey Fussy, Minneapolis City Attorney's Office, 350 South 5th Street, Room 210 Minneapolis, MN 55415.

For his First Supplemental Answers to Defendants' Interrogatories, Plaintiff Larry E. Smith, as trustee for the Heirs and Next of Kin of David Cornelius Smith, states as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    State David Cornelius Smith's full name, all other names by which he was known, his social security number, his marital status, his address on September 9, 2010, his prior home addresses, his business address, his education, his occupation, and his date of birth.

**ANSWER:** David Cornelius Smith, 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, Single, 4329 Webber Pkwy., Minneapolis, MN 55412, P.O. Box 50326, Minneapolis, MN 55403, 1010 Currie Street, Minneapolis, MN 55403, 1480 N. Snelling, St. Paul, MN 55108, 41 N. 12th St., Minneapolis, MN 55408, 1822 LaSalle Ave., Minneapolis, MN 55403, 906 S. 7th Apt. 412, Minneapolis, MN 55415, 1833 N. California Ave., Peoria, IL 61603, DOB 3/2/82. Plaintiff is still in the process of gathering information on Smith's residential and employment history. Discovery continues.

**Supplemental Answer:** 1) Catholic Charities (Exodus Res.): 819 2nd Avenue South Minneapolis, MN 55402; 2) 9643 Grand Avenue South, #812 Bloomington, MN 55420; 3) PO Box 308 Loretto, MN 55357; 4) Vinland Center: 3675 Ihduhapi Road Loretto, MN 55357; 5) 2054 Brewster Street, #14 St. Paul, MN 55108; 6) 1805 Stanley Street Peoria, IL 61605; 7) Oak Grove Residential Treatment Center: 1822 Park Avenue South, #32 Minneapolis, MN 55404; 8) 131 Oak Grove Street Minneapolis, MN 55403; 9) Micah House: 3047 5th Avenue South Minneapolis, MN; 10) Cedar


EXHIBIT
I

Ridge Treatment Center: 11400 Julianne Avenue North Stillwater, MN 55082; 11) 4150 Rahn Road, #17 Eagan, MN 55122; 12) Mary's Place: 401 North 7ᵗʰ Street Minneapolis, MN 55405; 13) Bill Kelly House: 3104 East 58ᵗʰ Street Minneapolis, MN 55417; and 14) REM (Grand Alias): 9319 Chicago Avenue South Bloomington, MN 55420. Discovery continues.

**INTERROGATORY NO. 2:**      Identify by full name and address David Cornelius Smith's spouse or any previous spouse he may have had.

**ANSWER**: None.

**INTERROGATORY NO. 3:**      Identify David Cornelius Smith's residential or housing history back to January 1, 1990, and include the names of all family members or other people who lived with him at any of the listed locations.

**ANSWER**: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see Answer and Supplemental Answer to Interrogatory No. 1. Smith was not living with any family member on September 9, 2010. Discovery continues.

**Supplemental Answer**: See Answer to Interrogatory No. 1. David lived with his mother, Diane Smith, and siblings, Angela Smith, Terrance Smith, Derrick Smith, Tiffany Smith, Adam Smith, and Desmond Smith, until he left for the Job Corps in 2000. David's sister, Angela, did leave to attend college prior to David leaving for the Job Corps. Discovery continues.

**INTERROGATORY NO. 4:**      State the full name and address of David Cornelius Smith's employers since 1990, and for each give the dates of employment, the name and business address of his immediate supervisor, and the reasons he left such employment.

**ANSWER**: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Plaintiff is in the process of obtaining this information. Discovery continues.

**Supplemental Answer**: 1) KFC, Roseville, 08.20.2000 – 10.20.2000, Steven R. Saunders; 2) Sodexo, Inc. – Augsburg College, 10.11.2001 – 02.02.2002; 3) Labor Ready, TrueBlue, Inc., 06.26.2004 – 07.01.2004; 4) Illini Staffing, Inc., 05.03.2005 – 05.12.2005, Cheryle Nebergall; 5) Penumbra Theatre Company, 05.04.2005 – 03.16.2006; 6) Indrotec Staffing, 11.26.2005 – 02.21.2006. Discovery continues.

**INTERROGATORY NO. 5:**      Was David Cornelius Smith ever treated or counseled for a chemical dependency problem of any kind? If so, fully identify the nature of the chemical problem, the name and address of the treating person(s), institution or entity, and the inclusive dates of treatment.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to render medical opinions, as Plaintiff is only a layperson. The medical records are the best evidence. Subject to and without waiving said objections, see the documents containing bates numbers SMITH 1 – 1584, which address, in part, chemical dependency issues. Discovery continues.

2

**Supplemental Answer**: 1) HCMC, 701 Park Avenue Minneapolis, MN 55415, 2003 – 2010; 2) Cedar Ridge Treatment Center, 11400 Julianne Avenue North Stillwater, MN 55082, 08.02.2006 – 09.29.2006; 3) Methodist Hospital, 6500 Excelsior Boulevard St. Louis Park, MN 55426, 12.05.2007; 4) Oak Grove Residential Treatment Center, 1822 Park Avenue South Minneapolis, MN 55404, 05.27.2008 – 10.10.2008; and 5) Vinland Center, 3675 Ihduhapi Road Loretto, MN 55357, 10.30.2008 – 01.08.2009.  Discovery continues.

**INTERROGATORY NO. 6**:      Was David Cornelius Smith ever treated or counseled for a problem involving his mental or emotional health?  If so, fully identify the nature of the mental or emotional problem, the name and address of the treating person(s), institution or entity, and the inclusive dates of treatment.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to render medical opinions, as Plaintiff is only a layperson.  The medical records are the best evidence.  Subject to and without waiving said objections, see the documents containing bates numbers SMITH 1 – 1660 and 1694 – 1717, which address, in part, these issues.  Discovery continues.

**Supplemental Answer**: Plaintiff further states that David Smith sought treatment at: 1) St. Barnabas Apartments, 906 South 7ᵗʰ Street Minneapolis, MN 55415, 06.26.2001 – 05.07.2008, off and on; 2) U of M Medical Center – Fairview, 2450 Riverside Avenue Minneapolis, MN 55454, 06.01.2006; 3) Park Nicollet Clinic, Minneapolis, 2006 – 2008; 4) Karol Neuropsychological Services & Counseling, 11800 Singletree Lane, Ste. 203 Eden Prairie, MN 55344, 01.11.2009; and 5) Minneapolis Southwest Mental Health Clinic, Limited, 7600 Arthur Street Northeast, Fridley, MN 55432, unknown dates of service.  Discovery continues.

**INTERROGATORY NO. 7**:      Was David Cornelius Smith ever expelled from, or forced to leave a chemical dependence treatment program?  If so, provide the date of application to the treatment program, the name and location of the treatment program, and the reason he was expelled or forced to leave.

**ANSWER**: Plaintiff objects to this Interrogatory as seeking information not reasonable calculated to lead to the discovery of admissible evidence.  The medical records are the best evidence.  Subject to and without waiving said objection, Plaintiff's investigation of this issue is ongoing.  Discovery continues.

**Supplemental Answer**: David Smith was evicted from Oak Grove Residential Treatment Center and Mosaic Apartment Services.  See the above Supplemental Answers to Interrogatory Nos. 1 and 5.  Discovery continues.

**INTERROGATORY NO. 8**:      State whether David Cornelius Smith had any physical or mental disabilities and indicate the nature and extent of each such disability.

**ANSWER**: Plaintiff objects to this Interrogatory as vague as to the term "disability."  Plaintiff also objects to this Interrogatory to the extent it seeks an expert opinion, as Plaintiff is a layperson.  Plaintiff will rely on expert testimony to the extent this issue becomes relevant, and will disclose that testimony in accordance with the Court's Order.  Subject to and without waiving said objections, Plaintiff's investigation into this matter continues.  Also, see the documents containing the bates

3

numbers SMITH 1082 – 1584.  Discovery continues.

**Supplemental Answer:**  See documents containing the bates numbers SMITH 002890 – 002892, and SMITH 002895 – 002897.  Discovery continues.

**INTERROGATORY NO. 9:**    Fully identify by name and amount all alcohol and/or drugs, whether prescription or otherwise, David Cornelius Smith ingested during the one-month period preceding the incident alleged in the Compliant.  Include in the answer the place(s) where he ingested such substance, the provider(s), and the persons present when he ingested such substance.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks an expert opinion, as Plaintiff is a layperson.  The medical records are the best evidence.  Subject to and without waiving said objection, see the documents containing bates numbers SMITH 1 – 1081.  Discovery continues.

**INTERROGATORY NO. 10:**    Fully identify all prescription medications prescribed to David Cornelius Smith since 1990, and identify all medical providers who prescribed any of those medications.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks an expert opinion, as Plaintiff is a layperson.  The medical records are the best evidence.  Subject to and without waiving said objections, see the documents containing bates numbers SMITH 1 – 1584.  Discovery continues.

**Supplemental Answer:**  Plaintiff maintains his previous objections, and further objects to this Interrogatory as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, see the documents containing bates numbers SMITH 001741 – 002422, SMITH 002845, and SMITH 002853.

**INTERROGATORY NO. 11:**    Does Plaintiff, on behalf of David Cornelius Smith, claim any loss of earnings, wages, salaries, or commissions, or the capacity to earn such as a result of David Cornelius Smith's death?  If so, explain fully and in detail each such loss and the basis therefor.

**ANSWER:** Plaintiff has alleged such a claim.  Plaintiff is in the process of collecting information on this issue, and will also rely upon expert analysis and testimony that will be disclosed in accordance with the Court's Scheduling Order.  Discovery continues.

**INTERROGATORY NO. 12:**    Has anyone acting on Plaintiff's or David Cornelius Smith's behalf taken any statements or photographs or gathered any other evidence bearing on the facts and circumstances of this action?  If so, please state:

    a.    The name, address, occupation and telephone number of the person(s) giving such statement;

    b.    Whether such statement was oral or written and, if oral, whether it was reduced to written form and signed by the party;

    c.    The name, address, occupation and telephone number of the person taking such statement(s), photograph(s), or such other factual evidence; and

    d.    The name, address, occupation and telephone number of the current custodian of each statement, photograph or other factual evidence.

**ANSWER**: Plaintiff and Plaintiffs' attorneys have gathered evidence regarding this matter, and have provided and will continue to provide Defendants with all information that is not protected by the work product doctrine and/or attorney client privilege. It is Plaintiff's understanding that the photographs containing bates numbers SMITH 001726 – 001729 were taken by someone at the funeral home where David Smith's body was prepared for burial. Upon discovery of that person's identity, his information will be presented. Discovery continues.

**INTERROGATORY NO. 13**:    Identify by name, address, place of employment, and area of expertise each person you expect to call as an expert witness at trial and for each state:

    a.     The subject matter to which the expert is expected to testify;

    b.     The substance of her/her opinion and the facts relied upon in forming the opinion; and

    c.     A summary of the grounds for each opinion.

**ANSWER**: Plaintiff objects to this Interrogatory as premature. Plaintiff will provide this information in accordance with the Federal Rules of Civil Procedure, the Local Rule, and the Court's Scheduling Order.

**INTERROGATORY NO. 14**:    Was David Cornelius Smith convicted, or released from confinement from a conviction, of any crime within the last ten (10) years? If so, give the specific crimes and dates of conviction, and date of release from confinement from any conviction.

**ANSWER**: Based upon a public records search, the following convictions have been found: DUI, Illinois (County Unknown), Case No. 2004DT379 (9/30/04); Disorderly Conduct, Hennepin County, Case No. 62-CR-09-13019 (9/3/09). Discovery continues.

**Supplemental Answer**: See documents containing bates numbers SMITH 002883 – SMITH 002888.

**INTERROGATORY NO. 15**:    Fully identify each and every medical professional David Cornelius Smith consulted or from whom he received any medical care or treatment since January 1, 1990, and for each include their present address, the reason or condition which caused him to receive care or treatment, and the dates thereof.

**ANSWER**: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this Interrogatory calls for an expert opinion, as Plaintiff is only a layperson. The medical records are the best evidence. Subject to and without waiving said objections, see documents containing bates numbers SMITH 1 – 1584. Discovery continues.

**Supplemental Answer**: See documents containing bates numbers SMITH 001742 – 002422, SMITH 002812 – 002814, SMITH 002831 – 002833, and SMITH 002862 – 002866. Discovery continues.

**INTERROGATORY NO. 16**:    Fully identify each and every medical care institution, clinic or hospital in which David Cornelius Smith received care or treatment since January 1, 1990, and for

each give the dates and reasons for such care or treatment.

**ANSWER**: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this Interrogatory calls for an expert opinion, as Plaintiff is only a layperson. The medical records are the best evidence. Subject to and without waiving said objections, see documents containing bates numbers SMITH 1 – 1584. Discovery continues.

**Supplemental Answer**: See the above Supplemental Answers to Interrogatory Nos. 5 and 6. See also the documents containing bates numbers SMITH 001742 – 002422, SMITH 002812 – 002814, SMITH 002831 – 002833, and SMITH 002862 – 002866. Discovery continues.

**INTERROGATORY NO. 17**:     Fully identify all sources and amounts of monies, funds, income or other resources provided to Plaintiff or maintained on behalf of Plaintiff since 1990.

**ANSWER**: Plaintiff is in the process of collecting information on this point. Discovery continues.

**Supplemental Answer**: Plaintiff objects to this Interrogatory as vague. Please provide us with better information as to what this interrogatory is seeking, and we will determine if the information is available.

**INTERROGATORY NO. 18**:     Fully identify by name and amount all alcohol and/or drugs, whether prescription or otherwise, David Cornelius Smith ingested in the 24 hour period preceding the incident alleged in the Complaint. Include in the answer the place(s) where he ingested such substance, the provider(s), and the persons present when he ingested such substance.

**ANSWER**: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this Interrogatory calls for an expert opinion, as Plaintiff is only a layperson. The medical records are the best evidence. Subject to and without waiving said objections, see documents containing bates numbers SMITH 1 – 1584 and 1694 - 1717. Discovery continues.

**INTERROGATORY NO. 19**:     Set forth David Cornelius Smith's income for each year since 1990. For each year, identify the source of that income, e.g., salary, loan, annuity, trust payment, etc.

**ANSWER**: Plaintiff is in the process of collecting information on this point. Discovery continues.

**Supplemental Answer**: See documents containing the bates numbers SMITH 002907 – 002909.

**INTERROGATORY NO. 20**:     Identify by name, address and date of birth David Cornelius Smith's mother, father, brothers and sisters.

**ANSWER**: Diane Smith (Mother), 1310 West Howett Peoria, IL 61605; Angela Smith (Sister), 71 Thayer Ave. Atlanta, GA 30313; Louis Brown (Brother), 1310 West Howett Peoria, IL 61605; Derrick Brown (Brother) 1310 West Howett Peoria, IL 61605; Tiffany Brown (Sister) 1527 South Aargo Peoria, Illinois 61605; Adam Brown (Brother) 1310 West Howett Peoria, Illinois 61605; Desmond Redmond (Brother) 61605.

**Supplemental Answer:** The complete address for Desmond Redmond is: 1310 West Howett Peoria, Illinois 61605.

**INTERROGATORY NO. 21:**    Identify all individuals known to you or your attorneys who have knowledge of any fact regarding the issue of liability or the issue of damages in this matter. In answering this interrogatory:

      a.     List the name and address of all people from whom you have secured documents;

      b.     List the names and addresses of all people whom you or your representative have interviewed but not obtained statements; and,

      c.     Attach copies of statements taken from any witnesses, persons, or parties hereto.

**ANSWER:** Plaintiff objects to the Interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Subject to and without waiving said objections, see all individuals stated in these Answers and those individuals identified in both parties' documents and disclosures. Plaintiff has provided all documents that are not protected by the work product doctrine or attorney-client privilege, and those documents overwhelmingly speak for themselves as to where they were obtained from. Plaintiff is not in possession of any statements that have not been provided. Plaintiff's family provided the documents now containing the bates numbers SMITH 1726 – 1735.

**INTERROGATORY NO. 22:**    If David Cornelius Smith gave, contributed or otherwise delivered to his parents or other persons who could be considered David Cornelius Smith's next of kin, during the past five years, any money, gifts, contributions, or services, list the date, the name, address and relationship of recipient to David Cornelius Smith, of each person who received any money, gifts, contributions, or services from David Cornelius Smith.

**ANSWER:** Plaintiff is in the process of collecting information on this point. Discovery continues.

**Supplemental Answer:** Plaintiff is presently aware of none. Discovery continues.

**INTERROGATORY NO. 23:**    With respect to each and every medical bill which you claim was incurred as a result of the acts alleged in the Complaint, identify:

      a.     The amount of each said bill;

      b.     Whether each such bill has been paid; and,

      c.     For each such bill that has been paid, the identity of the person, entity, corporation, insurer, or governmental entity making such payment and the amount of each such payment.

**ANSWER:** See documents containing the bates numbers SMITH 1661 – 1693.

**INTERROGATORY NO. 24:**    Set forth in detail and not in a summary fashion all pecuniary losses, loss of aid, counsel, guidance, advice, assistance, protection and support the next of kin have suffered or continue to suffer as a result of the death of David Cornelius Smith.

**ANSWER:** Plaintiff is in the process of collecting information on this point. Plaintiff will also rely on expert analysis and testimony, which will be disclosed in accordance with the Court's Order.

Discovery continues.

**Supplemental Answer:** Plaintiff objects to this interrogatory as unduly burdensome. The next of kin's losses related to loss of aid, counsel, guidance, advice, assistance, protection and support will be born out during, and is better suited for, deposition testimony from the next of kin. Smith's funeral expenses totaled $4,489.86, and his sister Angela paid $4,127.98 of that amount. Discovery continues.

**INTERROGATORY NO. 25:**     Identify by name and address all next of kin who have suffered loss of aid, counsel, guidance, advice, assistance, protection and support as a result of the death of David Cornelius Smith.

**ANSWER:** See Answer to Interrogatory No. 20. Discovery continues.


**AS TO OBJECTIONS:**

**GASKINS BENNETT BIRRELL SCHUPP LLP**

Dated: May 7, 2012

Robert Bennett, #6713
Andrew J. Noel, #322118
Jeffrey S. Storms, #387420
Kathryn H. Bennett, #0392087
333 South Seventh Street, #2900
Minneapolis, MN  55402
Email: rbennett@gaskinsbennett.com
        anoel@gaskinsbennett.com
        jstorms@gaskinsbennett.com
        kbennett@gaskinsbennett.com
Telephone: 612-333-9500

*Attorneys for Plaintiff*

MAY-07-2012   17:14      GBBS      6123339579      P.10

**AS TO ANSWERS:**

_____
Larry E. Smith

Subscribed and sworn to before
me on _____.

_____
Notary Public

9